

The following constitutes
the order of the court. Signed May 24, 2016

_____
Charles Novack
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No. 15-43651 CN |
|---|---|
| ADAM GIFFORD, III, | Chapter 7 |
| Debtor. | **TENTATIVE MEMORANDUM DECISION ON MOTION TO AVOID JUDICIAL LIENS** |

On May 12, 2016, this court conducted a hearing on Chapter 7 debtor's motion to avoid the judicial liens of American Express Bank ("AMEX"), Roberta Gordon, Trustee of the Roth Living Trust ("Gordon"), and Union Bank (the successor of which is The Best Service Co, Inc. ("Best Co.") under Bankruptcy Code § 522(f)(1). While the debtor served his motion to avoid liens on all of the above parties, only Best Co. filed a response. For the reasons stated below, the court avoids the judicial lien of American Express, determines that Gordon no longer holds a judicial lien, and partially grants the motion as to Best Co.

Adam Gifford ("Gifford") filed a Chapter 7 bankruptcy on November 30, 2015. When he filed this case, he owned a one-half tenancy in common interest in a residence located at 979 Overlook Road in Berkeley, California. Gifford and his co-owner took title to the property in 2001. Gifford resides at the Overlook Road property with his minor child, and claims a $100,000 homestead exemption in the Overlook Road property. No one has objected to this exemption. Gifford valued the entire Overlook Road property at $880,000 (as of his petition date), and listed the following liens/encumbrances against it:

1

1. A Bank of America deed of trust securing a note balance of $343,915;
2. A Mission Area Federal Credit Union deed of trust securing a note balance of $27,200;
3. Best Co.'s abstract of judgment, with a balance due of $111,254.00 (recorded on August 27, 2010.[1]
4. AMEX's abstract of judgment, with a balance due of $39,280 (recorded on September 24, 2010);
5. IRS tax liens totaling $75,966 (recorded on February 7, 2011 and March 20, 2012); and
6. A notice of a pre-judgment writ of attachment filed by Gordon for $137,845 (recorded on July 20, 2010).

The two deeds of trust are secured by the entire Overlook Road property. Best Co. and AMEX's abstracts of judgment, the IRS tax lien, and Gordon's writ of attachment only attached to Gifford's tenancy in common interest, and they attached to his interest several years after he took title.

Gordon's writ of attachment arose from San Francisco County Superior Court litigation entitled "Roberta Gordon, as Trustee of the Roth Living Trust v. Adam Gifford, James Albera, All Auto Collision Repair, Inc." Case No. 2010070023/CGC-09-492690 (the "Gordon Litigation"). Gordon commenced the Gordon Litigation on September 18, 2009, and the San Francisco County Superior Court granted Gordon's application for a writ of attachment against Gifford on July 9, 2010. A notice of attachment was recorded in the Alameda County Recorder's Office on July 20, 2010, which created a lien against the Overlook Road property. See Cal. Prac. Guide: Enforcing Judgments and Debts (TRG), ¶ 4.2.1. Gordon dismissed her complaint against Gifford (and all other parties) on February 10, 2012.[2] As a result, Gordon's lien against the Overlook Property terminated

---

[1] Best Co. recorded a second abstract of judgment on July 7, 2015.

[2] The court takes judicial notice of the San Francisco County Superior Court docket in the Gordon Litigation.

**Memorandum Decision**

as a matter of law under California Code of Civil Procedure § 488.510(a).

Gifford asserts that the Best Co and Amex liens and the Gordon notice of attachment impair his homestead exemption, and that this court should avoid these liens and notice of attachment. Best Co. argues that there is sufficient equity in the Overlook Road property to fully secure its lien. Both positions are incorrect.

Bankruptcy Code § 522(f)(1) authorizes Gifford to avoid judicial liens which impair his homestead exemption. Section 522(f) provides in pertinent part that:

> "(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>
> (A) a judicial lien . . . .
>
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
>
>     (I) the lien;
>
>     (ii) the other liens on the property;
>
>     (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
>
> (B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens."

The court applies this formula as follows: Gifford jointly owns the Overlook Road property, and there are two consensual deeds of trust against the entire property. Under *In re Meyer*, 373 B.R. 84 (B.A.P. 9th Cir. 2007), the court first deducts the amounts secured by the deeds of trust from the value of the entire property, and then determines the debtor's interest in the remaining value (in this case, a one-half interest). This arithmetic leaves $254,443 in value for Gifford. The court then applies § 522(f)(2) to each lien, stating with the most recently filed judicial lien. *See In re Meyer*, 373 B.R. at 87- 88.

Under § 522(f)(2), the AMEX judicial lien is fully avoided under the following calculation: $39,280.00 + $75,966 (IRS) + $111,254 (Best Co.) + $100,000 (homestead exemption) = $326,500, which exceeds Gifford's $254,443.00 interest by $72,057, which is more than the amount of the

3

**Memorandum Decision**
Case: 15-43651 Doc# 32 Filed: 05/24/16 Entered: 05/25/16 13:56:08 Page 3 of 5

AMEX lien.

Under § 522(f)(2), the Best Co. judicial lien is only partially avoided: $111,254 + $75,966 + $100,000 = $287,220, which exceeds Gifford's interest by $32,777, leaving $78,477 of Best Co.'s lien attached to the Gifford's co-tenancy interest in the Overlook Road property.[3]

Gordon's notice of attachment was not a judicial lien as of the petition date and therefore is not part of the § 522(f)(2) calculation. Bankruptcy Code § 101(37) defines a "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation." Under California law, whatever charge or interest Gordon had in the Overlook Road property expired no later than July 9, 2013 - three years after the writ of attachment was issued (and may have expired earlier when she dismissed the Gordon Litigation against Gifford). *See* California Code of Civil Procedure 488.510(a): "Unless sooner released or discharged, any attachment shall cease to be of any force or effect, and the property levied upon shall be released from the operation of the attachment, at the expiration of three years from the date of issuance of the writ of attachment under which the levy was made." *See also Arcturus Mfg. Corp. v. Superior Court* (1963) 223 Cal.App.2d 187. When Gifford filed his Chapter 7 bankruptcy in November 2015, this encumbrance had long since expired, and no longer qualified as a judicial lien against Gifford's interest in the Overlook Road property.

This memorandum decision alters the analysis that the court provided during the May 12, 2016 hearing. If either party wishes to contest this decision, they should file an appropriate pleading by June 3, 2016. The court will schedule a further hearing if such a pleading is timely filed. If neither party files a further pleading, this memorandum decision is final, and Gifford's counsel should submit an order consistent with this memorandum.

**\* \* \*END OF ORDER \* \* \***

---

[3] No one disputes that the AMEX and Best Co. liens are judicial liens under Bankruptcy Code § 101(36).

4

**Memorandum Decision**
Case: 15-43651    Doc# 32    Filed: 05/24/16    Entered: 05/25/16 13:56:08    Page 4 of 5

Case No. 15-43651 CN

**COURT SERVICE LIST**

Adam Gifford, III
979 Overlook Road
Berkeley, CA 94708

Kevin Kump
Law Offices of Clark Garen
6700 s. Centinela Avenue, Third Floor
Culver city, CA 90230

Other recipients are ECF participant